IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Dorothy McDonald,

                    Plaintiff,

v.                                                          Case No. 04-2376-JWL

Jo Anne B. Barnhart, Commissioner of
Social Security,

                    Defendant.

**MEMORANDUM & ORDER**

Plaintiff Dorothy McDonald brings this action pursuant to 42 U.S.C. § 1383(c)(3) seeking judicial review of the decision of defendant, the Commissioner of Social Security, to deny her application for supplemental security income under Title XVI of the Social Security Act. According to plaintiff, defendant failed to accord adequate weight to the opinion of plaintiff's treating health care providers, failed to assess properly plaintiff's subjective complaints of pain, and failed to establish that plaintiff could perform other jobs despite her limitations.  As explained in more detail below, the court rejects each of plaintiff's arguments and affirms defendant's decision.

I.       **Procedural Background**

On May 23, 2001, plaintiff filed her application for supplemental security income.  The application was denied both initially and upon reconsideration.  At plaintiff's request, an administrative law judge ("ALJ") held a hearing on January 22, 2004, at which both plaintiff and

her counsel were present.   On January 30, 2004, the ALJ rendered a decision in which he determined that plaintiff was not under a "disability" as defined by the Social Security Act and, thus, not eligible for supplemental security income payments.   After the ALJ's unfavorable decision, plaintiff requested review by the Appeals Council.   The Appeals Council denied plaintiff's request for review on June 14, 2004, rendering the ALJ's decision the final decision of defendant.

## II.  Standard of Review

Judicial review under 42 U.S.C. § 405(g)[1] is limited to whether defendant's decision is supported by substantial evidence in the record as a whole and whether defendant applied the correct legal standards.   *See White v. Massanari*, 271 F.3d 1256, 1257 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)).   The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Id.* (quoting *Castellano*, 26 F.3d at 1028).   In the course of its review, the court may not reweigh the evidence or substitute its judgment for that of defendant. *Id.*

## III.  Relevant Framework for Analyzing Claim of Disability and the ALJ's Findings

---

[1]Although plaintiff's complaint is brought pursuant to 42 U.S.C. § 1383(c)(3), that section provides that the "final determination of the Commissioner of Social Security . . .  shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

"Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (quoting 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (1982)).  The Social Security Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  *Id.* (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (1982 & Supp. III 1985)).

The Social Security Administration has established a five-step sequential evaluation process for determining whether a claimant is disabled, *see id.* (citing 20 C.F.R. §§ 404.1520, 416.920 (1986)), and the ALJ in this case followed the five-step process.  If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary.  *Id.*  Step one determines whether the claimant is presently engaged in substantial gainful activity.  *Id.*  If he or she is, disability benefits are denied.  *Id.*  If he or she is not, the decision maker must proceed to the second step.  *Id.*  Here, the ALJ determined that plaintiff has not engaged in substantial gainful activity since her alleged onset date and proceeded to the second step.

The second step of the evaluation process involves a determination of whether "the claimant has a medically severe impairment or combination of impairments."  *Id.* (quoting *Bowen v. Yuckert*, 107 S. Ct. 2287, 2291 (1987)).  This determination is governed by certain "severity

3

regulations," is based on medical factors alone, and, consequently, does not include consideration of such vocational factors as age, education, and work experience. *Id.* (citing 20 C.F.R. §§ 404.1520(c), 416.920(c) (1986)).   Pursuant to the severity regulations, the claimant must make a threshold showing that his or her medically determinable impairment or combination of impairments significantly limits his or her ability to do basic work activities. *Id.* at 750-51 (citing 20 C.F.R. §§ 404.1521(b), 416.921(b) (1986)).   If the claimant is unable to show that his or her impairments would have more than a minimal effect on his or her ability to do basic work activities, the claimant is not eligible for disability benefits. *Id.* at 751.   If, on the other hand, the claimant presents medical evidence and makes the de minimis showing of medical severity, the decision maker proceeds to step three. *Id.*   The ALJ in this case concluded that plaintiff suffered from several impairments that satisfied the severity requirement–a history of asthma, a diagnosis of chronic pain syndrome and neuropathy of the toes, depression, and a history of alcohol abuse–and, thus, the ALJ proceeded to step three.

In step three, the ALJ "determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.* (citing 20 C.F.R. §§ 404.1520(d), 416.920(d) (1986); *Bowen v. Yuckert*, 107 S. Ct. at 2291).   If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. *Id.* If not, the evaluation proceeds to the fourth step, where the claimant must show that the "impairment prevents [the claimant] from performing work he has performed in the past." *Id.* (citing 20 C.F.R. §§ 404.1520(e), 416.920(e) (1986); *Bowen v. Yuckert*, 107 S. Ct. at 2291).   If the claimant is able to perform his or her previous work, the

4

claimant is not disabled. *Id.*  With respect to the third step of the process in this case, the ALJ

determined that plaintiff's impairments were not listed or medically equivalent to those listed in

the relevant regulations.

At the fourth step, the ALJ concluded, expressly giving plaintiff the benefit of the doubt,

that plaintiff could not perform any past relevant work (plaintiff had worked as a cashier, but not

at the substantial gainful rate within the past fifteen years) and, thus, proceeded to the fifth and

final step of the sequential evaluation process–determining whether the claimant has the residual

functional capacity "to perform other work in the national economy in view of [her] age, education,

and work experience." *See id.* (quoting *Bowen v. Yuckert*, 107 S. Ct. at 2291).  At that point, the

ALJ concluded that plaintiff was capable of performing a significant range of light work and that

a significant number of jobs existed in the state and national economies which plaintiff would be

able to perform.

## IV. Analysis of Plaintiff's Specific Arguments

In her motion, plaintiff contends that the ALJ made three errors in reaching his decision–

he failed to accord adequate weight to the opinions of plaintiff's treating health care providers,

failed to assess properly plaintiff's subjective complaints of pain and failed to satisfy his burden

of proving that plaintiff can perform other jobs which exist in significant numbers in the national

economy.  The court addresses each of these arguments in turn.

*A.        Discounting the Opinions of Treating Health Care Providers*

In his decision, the ALJ expressly disregarded the opinion of Dr. Kenneth Butler-Taylor, one of plaintiff's treating physicians. The ALJ must give "controlling weight" to the opinion of a treating physician, provided that opinion is "well-supported and is not inconsistent with other substantial evidence." *White*, 271 F.2d at 1259 (quoting 20 C.F.R. § 404.1527(d)(2)). According to the Tenth Circuit, a treating physician's opinion is not dispositive on the ultimate issue of disability. *Id*. (citing *Castellano*, 26 F.3d at 1029). In addition to its consistency with other evidence, the court examines a treating physician's opinion with several factors in mind, including the length of the treatment relationship, the frequency of examination, and the extent to which the opinion is supported by objective medical evidence. *Id*. (citing 20 C.F.R. § 404.1527(d)(2)). In short, the ALJ cannot disregard a treating physician's opinion that a claimant is disabled without giving legitimate and specific reasons for doing so. *See Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995) (citing *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987)).

Dr. Butler-Taylor's opinion was in the form of a physical RFC assessment completed by Dr. Butler-Taylor in June 2003 in which Dr. Butler-Taylor sets forth restrictions and limitations that would ordinarily be considered disabling. The ALJ disregarded this opinion for two reasons. First, plaintiff acknowledged at the hearing that she took the RFC form to Dr. Butler-Taylor, who completed the form in her presence based on her subjective responses to the questions. As the Tenth Circuit has held, this is an entirely appropriate reason to disregard the opinion of a treating physician. *See Boss v. Barnhart*, 2003 WL 21357260, at *3 (10th Cir. June 12, 2003) (rejecting the opinion of a treating physician because it appears to be based on the claimant's subjective

6

complaints is a sufficiently specific and legitimate reason for doing so).

Second, the ALJ determined that Dr. Butler-Taylor's opinion was inconsistent with other substantial evidence in the record, including Dr. Butler-Taylor's own treatment notes. For example, Dr. Butler-Taylor's treatment notes from June 2003–just six months prior to the administrative hearing–indicate that plaintiff's prescription medication was "controlling her pain" and that plaintiff's pain scale was "0/10." Treatment notes from February 2003 indicate that plaintiff's pain scale was "2/10" and that plaintiff described her pain as "not too bad." Moreover, a consultative physical examination revealed that plaintiff would have no difficulty with activities such as sitting, standing, walking, lifting and carrying twenty pounds, and handling coins, doorknobs, and buttons. In short, the medical records as a whole contain little objective evidence of serious physical impairment. Thus, the court finds that the ALJ in this case set forth specific and legitimate reasons for discounting Dr. Butler-Taylor's opinion.[2]

---

[2]Plaintiff contends that the ALJ committed reversible error by failing to comply with the Tenth Circuit's decision in *Watkins v. Barnhart*, 350 F.3d 1297 (10th Cir. 2003). Specifically, plaintiff argues that the ALJ failed to articulate the weight, if any, that he gave Dr. Butler-Taylor's opinion and he failed to explain the reasons for assigning that weight or for rejecting the opinion altogether. *See id.* at 1300 ("[T]he notice of determination or decision must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."). The court disagrees. While the ALJ did not expressly state that he was rejecting Dr. Butler-Taylor's opinion in its entirety (that is, the opinion set forth in the physical RFC assessment), implicit in the ALJ's decision is a finding that Dr. Butler-Taylor's opinion is not entitled to controlling weight and, indeed, is entitled to no weight whatsoever. *See Causey v. Barnhart*, 2004 WL 2110712, at *2 (10th Cir. Sept. 23, 2004) (while ALJ did not expressly articulate the weight given to treating physician's opinion, a finding that the decision was not entitled to controlling weight was implicit in the ALJ's decision). Moreover, as explained above, the ALJ gave specific reasons for rejecting the opinion expressed in the document.

According to plaintiff, the ALJ was required to contact Dr. Butler-Taylor to further develop the record before disregarding Dr. Butler-Taylor's opinion. The Tenth Circuit, however, has held that an ALJ's duty to seek further development of the record before rejecting a treating source's opinion is triggered only "when evidence from the claimant's treating doctor is inadequate to determine if the claimant is disabled." *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (citing 20 C.F.R. §§ 404.1512(e)(1) and 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."); *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) (holding ALJ had obligation to recontact treating physician if validity of his report open to question)). Here, the ALJ did not conclude that Dr. Butler-Taylor's physical RFC assessment was "open to question," was ambiguous or was otherwise inadequate to determine whether plaintiff is disabled. In fact, the assessment was not ambiguous at all and it quite clearly supported plaintiff's claim for disability. As the ALJ correctly noted, however, the form was completed based not on results from any medical examination conducted by Dr. Butler-Taylor or even from Dr. Butler-Taylor's own opinion but on the subjective responses given to Dr. Butler-Taylor by plaintiff. In such circumstances, the ALJ was not required to contact Dr. Butler-Taylor for additional information.

The ALJ also disregarded the opinion of plaintiff's mental health counselor, Mark Roberts. Mr. Roberts' opinion was in the form of a Mental Impairment Questionnaire completed in June 2003 in which Mr. Roberts opines that plaintiff would have "difficulty" working due to depression

and anxiety.   In her brief, plaintiff directs the court to various Tenth Circuit law concerning the "great weight" and "controlling weight" to which the opinion of a treating medical source is entitled and she contends that Mr. Roberts is a treating medical source.   While Mr. Roberts treated plaintiff for her depression, Mr. Roberts, a therapist, is not an "acceptable medical source" pursuant to the pertinent regulations, *see* 20 C.F.R. § 416.913(a) (identifying acceptable medical sources), and, thus, his opinion is not entitled to any special weight whatsoever.   *See Bolton v. Barnhart*, 2004 WL 2677695, at *5 (10th Cir. Nov. 24, 2004) (ALJ's failure to take into account therapists' opinions regarding disability did not provide basis for reversing ALJ's decision as therapists were not "acceptable medical sources" under the governing regulations); *see also Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (opinions from "other sources" not entitled to same significant weight as opinions from acceptable medical sources).   Moreover, while Mr. Roberts might be considered an "other source" pursuant to 20 C.F.R. § 416.913(d), Mr. Roberts' opinion cannot be the only evidence showing a disabling mental impairment, as it is here. *See McKinney v. Barnhart*, 2003 WL 1788555, at *2 (10th Cir. Apr. 4, 2003) (non-acceptable medical sources cannot be the only evidence showing disability).   Moreover, as the ALJ correctly noted, Mr. Roberts' ultimate opinion in the mental capacities questionnaire concerning plaintiff's inability to work was inconsistent not only with other parts of the form completed by Mr. Roberts reflecting only mild symptoms but also with the opinion of plaintiff's treating psychiatrist.   For all of the foregoing reasons, plaintiff has not shown that the ALJ erred in discounting the opinion rendered by Mr. Roberts.

Plaintiff also suggests that the ALJ should have adopted the "ultimate" opinions of Dr.

Butler-Taylor and Mr. Roberts concerning her ability to sustain employment. This argument is easily rejected, as a treating physician's opinion is not dispositive on the ultimate issue of disability, *see White*, 271 F.3d at 1259 (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)), and a physical or mental capacities evaluation form, standing alone, is not substantial evidence to support a finding of disability. *See Frey*, 816 F.2d at 514 (physical capacities evaluation forms, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence).

B.      *Plaintiff's Subjective Complaints*

Plaintiff asserts that the ALJ committed error by disregarding plaintiff's subjective complaints concerning her physical and mental limitations. Under the Tenth Circuit's decision in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), the ALJ must decide whether a claimant's subjective claims of pain are credible, considering such factors as a claimant's persistent attempts to find relief for his pain and his willingness to try any treatment prescribed, regular use of crutches or a cane, regular contact with a doctor, the claimant's daily activities, and the dosage, effectiveness, and side effects of medication. *Barnett v. Apfel*, 231 F.3d 687 (10th Cir. 2000) (citing *Luna*, 834 F.2d at 165-66). Moreover, the ALJ must give specific reasons why he or she rejects a claimant's subjective complaints of pain. *White v. Massanari*, 271 F.3d 1256, 1261 (10th Cir. 2001) (citing *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995)). Ultimately, credibility determinations "are peculiarly the province of the finder of fact," and should not be upset if supported by substantial evidence. *Id.* (citing *Kepler*, 68 F.3d at 390-91).

With respect to her limitations, plaintiff testified that she suffers from low back and shoulder pain, swelling in her knees, hand pain, daily headaches, asthma, anxiety and depression–all of which render her unable to work.  According to plaintiff, she cannot do any household chores and she spends most of her days at home watching television.  The ALJ concluded that plaintiff is "not as disabled as alleged."  With respect to her alleged physical impairments, the ALJ accurately noted that the record contains very little objective evidence of physical impairments.  Treatment notes concerning her asthma, for example, describe her condition as "mild" and "intermittent." Moreover, a consultative physical examination revealed normal findings and the consultative physician opined that plaintiff would have no difficulty sitting, standing, walking, lifting, carrying 20 pounds, and handling coins, doorknobs and buttons.  Finally, treatment notes of Dr. Butler-Taylor from June 2003 (just six months before the administrative hearing) indicate that plaintiff rated her pain as "0/10" and advised that prescription medication was controlling her pain.

With respect to plaintiff's alleged mental impairments, including depression and anxiety, the ALJ noted that although the evidence demonstrated that plaintiff had a history of treatment and evaluation for depression and anxiety, the evidence simply did not demonstrate that plaintiff was disabled by these impairments.  For example, treatment notes concerning plaintiff's depression indicate symptoms such as low energy, irritability and changes in appetite, but do not indicate any suicidal tendencies or difficulty sleeping.  Moreover, the evidence indicates that global assessment of functioning (GAF) scores have been in the 60-70 range, indicating only mild impairment.  The ALJ also noted that treatment for plaintiff's depression has included prescription medication and that the evidence suggests that plaintiff's mental condition improves when she

11

takes her medication.   Treatment notes further indicate, however, that plaintiff does not always take her medication.

Finally, in concluding that plaintiff had exaggerated the extent of her disability, the ALJ also noted in his order that plaintiff "has a poor work history with sporadic work and low earnings, suggesting that she is not highly motivated for work." He further observed that plaintiff appeared "calm and relaxed" at the hearing despite her allegations of anxiety, body tremors and the need to frequently change positions.   These two factors are properly considered in the overall assessment of plaintiff's credibility.   *See Bean v. Chater*, 77 F.3d 1210, 1213 (10th Cir. 1995) (ALJ may properly consider a claimant's poor work history in evaluating the credibility of that claimant's subjective complaints of disabling pain); *White*, 271 F.3d at 1261-62 (ALJ adequately supported his negative credibility determination regarding claimant where he noted, among other things, that the claimant sat comfortably during most of the hearing); *Barnett*, 231 F.3d at 690 (ALJ relied on appropriate factors and committed no error with respect to his assessment of plaintiff's subjective complaints of pain where ALJ noted, among other things, the claimant's lack of obvious discomfort at the hearing).

Clearly, the ALJ gave specific reasons for discounting plaintiff's subjective complaints concerning her limitations and those reasons are based on appropriate factors set forth in *Luna*. As such, there was no error in discounting plaintiff's testimony concerning the nature and extent of her limitations.


*C. Burden of Proving that Plaintiff Can Perform Other Jobs in the National Economy*

Plaintiff's final argument is that the ALJ's hypothetical question eliciting the vocational expert's (VE) testimony that there were jobs existing in the national economy that plaintiff remained capable of performing failed to include all of plaintiff's limitations and, thus, the VE's testimony fails to constitute substantial evidence supporting the denial of benefits.   Specifically, plaintiff contends that the ALJ's hypothetical question omitted certain restrictions outlined by Dr. Butler-Taylor in the physical RFC assessment form that he completed and further omitted limitations described by Mr. Roberts in the Mental Impairment Questionnaire form he completed.

A vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert.  *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ, however, is required to accept and include in the hypothetical question only those limitations supported by the record. *Shepherd v. Apfel*, 184 F.3d 1196, 1203 (10th Cir. 1999).  As described above, the ALJ's decision to reject the opinions of these providers was supported by substantial evidence.  Thus, the ALJ was not required to include in his hypothetical question the restrictions identified by Dr. Butler-Taylor and Mr. Roberts.  Because the ALJ included in his hypothetical question all of the limitations supported by the record, the VE's testimony elicited by that hypothetical question provided substantial evidence to support the denial of supplemental security income payments to plaintiff. *See Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996).

In sum, having carefully reviewed the record in this case and having considered plaintiff's argument in light of the record, the court concludes that substantial evidence supports defendant's

decision to deny Ms. McDonald's application for supplemental security income and that no deviation from established legal standards occurred.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for judgment (doc. #7) is **denied** and defendant's decision is affirmed.

IT IS SO ORDERED.

Dated this 28th day of February, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

14